Criminal prosecution tried upon indictment charging the defendant, and others, with the felonious slaying of one Stamey Holdbrooks.
The State's evidence tends to show that on 11 July, 1932, the three defendants, Eva Lambert, Albert Harvell and Roosevelt Gray, were in the front seat of a Nash roadster, with Willie Shoe and Cora Lambert in the rumble seat, all drinking, and driving around at the rate of "35 or 40 miles an hour, if not more." The car swung back and forth from one side of the road to the other. Eva Lambert, who was driving, testified that the defendant Gray "said he was going to wreck me and he tried to jerk me into a post and then into the filling station. He was mad because they would not let him drive; he grabbed the steering wheel and jerked it, heading for the telephone post. I got it straightened back into the road; he jerked it into the filling station." This was denied by the defendant Gray.
They ran into Holdbrooks' Filling Station "just like a storm"; tore down the gas tank; "knocked the post clean out of the ground; hit the deceased and knocked him over to the side of the filling station."
Besides the motion to nonsuit, the exception to the following instruction constitutes the defendant's principal assignment of error:
"Negligence must be something more than is required in the trial of an issue in a civil action, in that it must be such negligence that a man of ordinary prudence would avoid under similar circumstances, but *Page 33 
it is sufficient to be submitted to a jury in a criminal prosecution if it is likely to produce death or great bodily harm."
From an adverse verdict and judgment of not less than 4 nor more than 6 years in the State's prison, the defendant, Roosevelt Gray, appeals, assigning errors.
after stating the case: The demurrer to the evidence was properly overruled. S. v. Dills, post, 33; S. v. Durham, 201 N.C. 724,161 S.E. 398; S. v. Rountree, 181 N.C. 535, 106 S.E. 669.
While the instruction which forms the basis of the appealing defendant's principal exception, may be slightly inexact, tested by the rule in S. v.Cope, ante, 28, nevertheless it would seem to be harmless on the present record, as there is no evidence of a simple, unintentional or inadvertent violation of the traffic laws. The conduct of the defendants was reckless and their negligence culpable according to the evidence and the verdict. S.v. Cope, supra.
No error.